UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF |
| | ) | |
| | ) | |
| v. | ) | CASE 4:17CR00293-BSM-042 |
| | ) | |
| JAMES NICHOLAS GEORGE | ) | DEFENDANT |

MOTION FOR PSYCHIATRIC EVALUATION

Comes now the Defendant, James Nicholas George, by and through his attorney, Frank LaPorte-Jenner of LaPorte-Jenner Law, PLLC, for his Motion for Psychiatric Evaluation, states as follows, and pursuant to 18 U.S.C. §§ 4241, 4242, and 4247, now moves this Court for an order directing that Defendant undergo a psychiatric or psychological examination and for a hearing to determine Defendant's competency to proceed. In support thereof, Defendant states:

<u>Motion for Hearing to Determine Competency</u>

1.      At any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. [1]

2.      The court shall grant the motion or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be

---

[1] 18 U.S.C. § 4241(a).

Page 1 of 5

suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.[2]

3.    The government alleged that the Defendant engaged in certain behavior in its Motion for Warrant filed on May 5, 2026. The conduct alleged in the government's Motion raises the concern of the capacity of the Defendant.

4.    Likewise, the Court filed a follow up order for arrest on July 6, 2026, based on conduct alleged by the United States Probation Office.

5.    Based upon information available to counsel, there exists reasonable cause to believe that Defendant's present mental condition warrants further inquiry and evaluation by qualified mental health professionals. Counsel believes he is therefore unable to proceed without first obtaining a professional assessment of Defendant's competency.

6.    Counsel has a good-faith concern regarding Defendant's present competency. Through counsel's interactions with Defendant and information obtained during representation, counsel has observed circumstances suggesting that Defendant may be suffering from a mental disease or defect affecting his ability to understand the nature and consequences of these proceedings and/or to assist properly in his defense.

---

[2] *Id.*

Notice of Insanity Defense

7.      In addition to the issue of present competency, counsel believes that an evaluation addressing Defendant's mental condition at the time of the alleged offenses described in the government's Petition for Warrant may become necessary. To the extent required by Rule 12.2 and 18 U.S.C. § 4242, Defendant requests that any examiner assess whether Defendant was suffering from a severe mental disease or defect at the time of the alleged conduct described in the government's May 5, 2026 Petition for Warrant, and whether such condition affected Defendant's ability to appreciate the nature, quality, or wrongfulness of his actions.

8.      Pursuant to Rule 12.2. of the Federal Rules of Criminal Procedure, a defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk.

9.      Upon the filing of a notice, as provided in Rule 12.2, that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court.[3]

10.      The Defendant anticipates that issues concerning Defendant's mental condition may arise and requests that the Court authorize an examination addressing

---

[3] 18 U.S.C. § 4242(a).

the competency of the Defendant in relations to the conduct alleged in the governments May 5, 2026 petition for warrant, in conjunction with the present competency evaluation.

11.    Defendant requests that, prior to any hearing on the issue of past or present competency, the Court order a psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) and direct that a written report be prepared and submitted to the Court consistent with the requirements of 18 U.S.C. § 4247(c).

12.    Defendant requests a single examination be conducted to address 1) whether the Defendant was competent during the offenses alleged in the governments May 5, 2026 Petition for Warrant, and 2) if the Defendant is currently competent. A single examination addressing both issues would promote judicial economy, facilitate the efficient administration of justice, conserve resources, and avoid unnecessary pretrial delay.

13.    If the Court determines commitment is necessary for completion of the examination, Counsel for the Defendant respectfully recommends that the Defendant be committed to the custody of the Attorney General for placement in a suitable facility for a period not to exceed forty-five (45) days.

14.    Counsel's concerns are raised in good faith and are based upon observations made while representation. Counsel believes that a competency evaluation is necessary to ensure the fairness and integrity of the proceedings.

15.    Defendant further requests that any period of delay resulting from the examination, transportation, evaluation, preparation of reports, and competency proceedings be excluded from Speedy Trial Act calculations pursuant to 18 U.S.C. § 3161(h)(1)(A), (F), and (H).

16.    Defendant's Counsel discussed his proposed request with United States Attorney Liza Brown, and Ms. Brown stated that she does not object to this request for mental examination.

WHEREFORE, the Defendant, James Nicholas George, respectfully requests that this Court grant his Motion for Psychological Evaluation, and for all other just and appropriate relief.

Respectfully submitted,

LaPorte-Jenner Law, PLLC
1220 W. 6th Street
Little Rock, Arkansas 72201
Phone: (501) 515-1692
frank@LPJlaw.com

By: /s/ Frank LaPorte-Jenner
Frank LaPorte-Jenner
Ark. Bar # 2018109
Kelli LaPorte-Jenner
Ark. Bar # 2017048
Eli Cummins
Ark. Bar # 2022152
Britnie Byers
Ark. Bar # 2022270